**Kenneth D. HUFF, Plaintiff—Appellant,**

v.

Michael J. ASTRUE, Commissioner *
of Social Security, Defendant—
Appellee.

No. 06–36108.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2008.**

Filed April 28, 2008.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eitan Kassel Yanich, Esq., Olympia, WA, for Plaintiff–Appellant.

Richard M. Rodriguez, Esq., SSA–Social Security Administration Office of the General Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: BEA and M. SMITH, Circuit Judges, and HOOD ***, Senior Judge.

MEMORANDUM ****

Plaintiff-appellant Kenneth Huff appeals the district court's ruling affirming the Administrative Law Judge's (ALJ) determination that Huff was not entitled to Social Security disability benefits. Because the parties are familiar with the facts, we do not recite them here except as necessary to explain our decision.

We review de novo the district court's decision affirming the ALJ's decision and will uphold a denial of benefits if the ALJ "applied the correct legal standards and substantial evidence supports the decision." *See Stout v. Comm'r,* 454 F.3d 1050, 1052 (9th Cir.2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Huff first contests the ALJ's failure to find that his depression and chronic pain disorder are severe impairments at step two of the five-step disability determination. *See* 20 C.F.R. § 404.1520. The ALJ found that Huff's degenerative disc disease was a severe impairment and extensively discussed Huff's back pain in doing so.

---

*** The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Thus, contrary to Huff's contention, the ALJ properly considered Huff's chronic back pain and found in his favor. The medical evidence also amply supports the ALJ's finding that Huff's depression was not severe.

█ Huff's argument that the ALJ failed to give appropriate weight to the opinion of Huff's treating physical therapist is not persuasive. The ALJ was entitled to give the physical therapist's opinion less weight, where the regulations did not specify how to weigh evidence from an "acceptable medical source" against medical evidence from an "other source" such as a physical therapist. *Gomez v. Chater*, 74 F.3d 967, 970–71 (9th Cir.1996); 20 C.F.R. § 404.1513.[1] The physical therapist's assessment of Huff's limitations contradicted the findings of other acceptable medical sources in the record, and the ALJ properly relied on the acceptable medical sources. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001). The ALJ also explained that he was giving the physical therapist's opinion less weight because she was not a physician and she did not specify why the limits on sitting, standing, and posture would apply. The ALJ also noted that the physical therapist failed to complete the form on which she provided her opinion and that her treatment notes indicated that Huff was engaged in various active errands and hobbies. Though the ALJ does not explicitly cite these as additional reasons for giving her opinion less weight, we may properly draw this inference. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir.1989).

█ Huff also contends that the ALJ erred by finding that Huff had no postural limitations because both his physical thera-

pist and the state agency non-examining physician, Dr. Harold Mayer, opined that Huff had such limitations. To the extent that Huff's contention rests on the ALJ's discounting of the physical therapist's opinion, as explained above, the ALJ provided specific and legitimate reasons for doing so. The ALJ, however, did err when he did not provide specific and legitimate reasons for rejecting by omission Dr. Mayer's opinion that Huff had some postural limitations, while crediting the findings by state agency employee Reba Connolly that Huff had no postural limitations. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir.1995). Nonetheless, this erroneous conclusion did not affect the ALJ's final determination that Huff could perform his past relevant work as a service writer, which Huff himself described as involving no bending or stooping. Because the error was inconsequential to the ultimate nondisability determination, it was harmless. *See Stout*, 454 F.3d at 1055.

█ We are also unpersuaded by Huff's argument that the ALJ improperly discredited Huff's testimony regarding his symptoms and limitations. Unless evidence of malingering exists, "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints" and provide clear and convincing reasons. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998). In discrediting Huff's self-assessment of the impact of his impairments, the ALJ pointed to Huff's active hobbies such as skiing, hunting, and fishing, ability to complete his education, and ability to take care of himself and his family. A reasonable ALJ may conclude that these activities are in-

---

1. As Huff concedes, the ALJ cannot be faulted with any failure to strictly comply with Social Security Ruling 06–03p, which was issued two years after Huff's hearing. Here, where the ALJ considered the therapist's opinion, discussed the frequency of Huff's visits and the contents of the therapy treatment notes, and provided reasons for according her opinion less weight, the ALJ did not err.

congruous with one whose pain is debilitating. Where "the ALJ has made specific findings justifying a decision to disbelieve an allegation of excessive pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.1989).

 Similarly, we find unpersuasive Huff's contention that the ALJ failed properly to consider statements by Huff's wife, Krysia Huff. The ALJ did consider Krysia's statements that Huff loses his temper often but also noted that his physicians determined Huff's depression was "not major and [Huff] continues to improve." The ALJ may discount lay testimony that conflicts with medical evidence. *Lewis*, 236 F.3d at 511. Krysia's statements are also inherently contradictory for the same reason that Huff's self-assessment was incredible; despite Huff's physical and psychological problems, he was able to care for the children and engage in daily activities.

Huff further claims that the ALJ erred at step four of the five-step disability analysis by failing to consider the extent to which Huff's depression in combination with his severe degenerative disc disease impaired his ability to perform his past relevant work function. To the extent that the ALJ may have erred by failing explicitly to consider the impact of Huff's depression in determining Huff's residual functional capacity (RFC), the error was harmless. *Stout*, 454 F.3d at 1055–56. As discussed above, the ALJ did not err in discounting the lay testimony of Huff and Krysia when evaluating the impact of Huff's depression on his ability to work. The ALJ extensively discussed the medical evidence supporting Huff's disability claim on the basis of his depression, which supported a determination that his depression did not impair his ability to perform work activities. The ALJ also considered Huff's ability to take part in a wide variety of daily activities despite his alleged depression. Indeed, in concluding that Huff had an RFC of light work, the ALJ similarly observed that Huff "has a good deal of varied activities of daily living, which are inconsistent with his allegations that he is so limited that he is unable to do any work." No reasonable ALJ could have come to a different disability determination as Huff's daily activities were inconsistent with one who is unable to perform light work, either due to back problems, depression, or a combination thereof.

In light of our conclusion that any error in the ALJ's determination of Huff's RFC was harmless, the ALJ did not err in his determination that Huff could perform his past relevant work. Therefore, the ALJ was not required to continue on to step five of the disability analysis. *See* 20 C.F.R. § 404.1520(a)(4). Similarly, because Huff is not entitled to benefits, we need not reach the applicability of 20 C.F.R. § 404.316 nor his request for assignment to a different ALJ on remand.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.